[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a guilty plea, defendant-appellant, Maurice Davis, was convicted of one court of robbery pursuant to R.C. 2911.02(A)(2). The trial court sentenced him to three-years' incarceration. In his sole assignment of error, he now contends that the trial court erred in failing to hold that the statutes relating to "bad time" and to post-release control were unconstitutional. We sustain this assignment of error only as it relates to the "bad time" statute.
The Ohio Supreme Court has held that the post-release control procedure set forth in R.C. 2967.28 does not violate the separation-of-powers doctrine or the Due Process Clause of the United States or the Ohio Constitution. Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph one of the syllabus; State v. Williams (Dec. 22, 2000), Hamilton App. No. C-000171, unreported. Consequently, we overrule Davis's assignment of error as it relates to post-release control.
The supreme court has, however, held that R.C. 2967.11, which provides for "bad time" is unconstitutional because it violates the constitutional doctrine of separation of powers. State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 729 N.E.2d 359, syllabus; State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported. The record shows that the written guilty plea informed Davis of the consequences of "bad time," although the court's judgment entry contains no mention of it. This court has held that whether the judgment of conviction is silent as to "bad time" is immaterial because it is included in the sentence by operation of law. Therefore, that part of the sentence based on the unconstitutional statute was contrary to law. Williams, supra.
Consequently, we sustain that part of Davis's assignment of error relating to "bad time." Pursuant to former R.C. 2953.08(G)(1)(d), we modify the trial court's sentence to reflect that Davis cannot be made subject to "bad time" pursuant to R.C. 2967.11. We affirm the trial court's judgment in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Hildebrandt, JJ.